UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

MALKIE NAGEL,

                      Civil No:

        Plaintiff,          **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

-against-                **DEMAND FOR JURY TRIAL**

CAPITAL ONE BANK (USA), N.A.

        Defendant.

----------------------------------------------------------------X

Plaintiff MALKIE NAGEL, ("Plaintiff"), by and through the undersigned attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant CAPITAL ONE BANK (USA), N.A.  (hereinafter referred to as "Defendant" or "Cap One"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in Ocean County, New Jersey.

6. Defendant is a national bank with its headquarters located at 1680 Capital One Financial Corp Drive, Mclean, Virginia 22102.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiffs cellular telephone phone number of (347) 463-2281 on dozens of occasions.

11. Defendant called from multiple numbers including but not limited to, 800-955-6600.

12. Plaintiff is the customary and sole user of the cellular phone number ending in 2281, and has been the customary and sole user of that phone number at all times relevant hereto.

13. Plaintiff on multiple occasions told the Defendant to stop calling her cellular telephone, including on or around August of 2019.

14. During said call, Plaintiff told Defendant that she has been getting calls morning, day, and evening and that she wants them to stop. The representative for Defendant responded that she reached the right person to process her request for calls to stop.

15. The Federal Communications Commission ("FCC") in a declaratory ruling released on July 10, 2015 confirmed the long standing principal that "consumers may revoke

consent at any time and through any reasonable means." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, et al.*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, 30 FCC Rcd 7961 ¶ 56 (2015); *id.*¶ 70.

16. The FCC's declaratory ruling was in line with the Third Circuit's holding in *Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3d Cir. 2013), which held that express consent may be revoked under the TCPA. *Id.* at 267.

17. The *Gager* decision was not only adopted by the FCC, the government body charged with enforcing the TCPA, but also by a considerable amount of courts around the country including the Eleventh Circuit. See *Osorio v. State Farm Bank, FSB*, 746 F.3d at1252 (11th Cir. 2014)(*quoting Gager*, 727 F.3d at 270) ("'in light of the TCPA's purpose, any silence in the statute as to the right of revocation should be construed in favor of consumers.")

18. By telling Defendant to stop calling, Plaintiff revoked any previous consent she gave the Defendant to call her cellular telephone with an automatic telephone dialing system or pre-recorded message in a reasonable manner.

19. Despite Plaintiff's requests for the calls to stop, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system and with pre-recorded messages.

20. Defendant's use of an automated telephone dialing system was further clearly indicated by the fact that no customer service representative was on the line immediately when the Plaintiff would answer the Defendant's calls and because the consistency of the phone calls.

21. By placing auto-dialed phone calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

22. Plaintiff suffered actual damages because the Defendant's calls to their cell phone deprived her of the use of her cellular phone during the times that the Defendant was calling their cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to prevent).

23. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiffs day and wasted the Plaintiffs time spent answering and otherwise addressing these repeated phone calls.

24. Defendant's communication efforts attempted and/or directed towards the Plaintiffs violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

**FIRST CAUSE OF ACTION**

26. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one

of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

28. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

29. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendants as follows:

   A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all phone calls placed to the Plaintiff's cellular phone;

   B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

   C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 30, 2020

                                              Respectfully submitted,

                                              By: /s/ Yitzchak Zelman
                                              Yitzchak Zelman, Esq.
                                              MARCUS & ZELMAN, LLC
                                              701 Cookman Avenue, Suite 300
                                              Asbury Park, New Jersey 07712
                                              Phone:    (732) 695-3282
                                              Facsimile: (732) 298-6256
                                              Email: yzelman@marcuszelman.com
                                              Attorneys for Plaintiff

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 30, 2020                                    */s/ Yitzchak Zelman*

                                                               Yitzchak Zelman, Esq.